THOMPSON,
Presiding Judge, dissenting.
For the reasons that I dissented in part in Alabama Department of Corrections v. Merritt, [Ms. 2081084, June 18, 2010], I also dissent from the majority opinion in this case.
PITTMAN, Judge,
dissenting.
Consistent with the reasons why I dissented in part in Alabama Department of Corrections v. Merritt, [Ms. 2081084, June 18, 2010], I respectfully dissent from the main opinion in this case. In my view, there is nothing in AIa.Code 1975, § 14-8-6, that would forbid the Alabama Department of Corrections (“DOC”) from withholding as much as 40% of a state inmate’s work-release earnings for the cost incident to the inmate’s confinement. Further, DOC is expressly authorized by § 14-8-6 to adopt regulations concerning disbursement of work-release earnings; its regulation on the subject, DOC Admin. Reg. No. 410, indicates not only that DOC will withhold 40% of state inmates’ gross earnings from work-release labors, but also that “[w]hen restitution [or] court costs ... have been ordered by the sentencing judge ... the work-release participant may be required to make incremental payments towards ” those sums. DOC Admin. Reg No. 410, § VII.B. (emphasis added). That regulation is consistent with § 14-8-6, which refers to DOC’s power to “withhold” *1187 40% in its discretion attributable to confinement costs, but which also states that DOC is to credit to an inmate’s account only a remainder obtained after all “expenses” have been deducted, a term that may reasonably be construed in the somewhat more expansive manner that DOC has in Admin. Reg. 410. As our Supreme Court has noted, “ ‘ “ ‘courts should give great weight to any reasonable construction of a regulatory statute adopted by the agency charged with the enforcement of that statute.’ ” ’ ” QCC, Inc. v. Hall, 757 So.2d 1115, 1119 (Ala.2000) (quoting NationsBank of North Carolina, N.A. v. Variable Annuity Life Ins. Co., 513 U.S. 251, 256, 115 S.Ct. 810, 130 L.Ed.2d 740 (1995), quoting in turn other cases).
In my view, Merritt and the main opinion in this case, by failing to give priority to costs-of-confinement and victim-restitution claims, do not give effect to legislative and administrative intent. For that reason, I cannot join in the main opinion in this case.